**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DENISE WINGO

    Plaintiff,

        v.

TROVER SOLUTIONS, INC.

    Defendant.

No. 3:18-CV-01930

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before me is Plaintiff Denise Wingo's ("Wingo") Motion to Remand this Action to State Court. (Doc. 10). Because this Court lacks subject matter jurisdiction over this action pursuant to § 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, Plaintiff's Motion to Remand will be granted.

## **I. Background**

This dispute arises from the payment of short-term disability benefits to Wingo under a Group Disability Plan issued by Metlife ("the Plan")[1] after she was injured in an automobile accident. Following the accident, Wingo submitted a claim to MetLife for short-term disability benefits under the Plan and received a total of $14,189.28 in benefits. (Doc. 1, Ex. B ¶¶ 10, 11). Wingo independently brought a negligence lawsuit against the tortfeasor in the accident and reached a settlement, which included compensation for her injuries. (*Id.* ¶¶ 13, 14). Defendant Trover Solutions, Inc. ("Trover"),[2] which works with MetLife to provide recovery services, made a

---

[1] The parties do not dispute that the Plan is a fully-insured "employee welfare benefit plan" within the scope of ERISA and that Wingo qualifies as a "participant of the Plan under ERISA. *See* ERISA §§ 3(1), 3(7), 4(a), 29 U.S.C. §§ 1002 (1), 1002(7), 1003(a).

[2] I take notice of Trover's Disclosure statement that Equian, LLC is now the surviving company after a merger with Trover. I will refer here to "Trover" to

subrogation demand for reimbursement of the $14,289.28 against Wingo after she settled her lawsuit. (Doc. 1, Ex. B ¶¶ 15, 16, 18, 21). On April 28, 2016, Trover confirmed in writing that it was no longer pursuing recovery of Wingo's Plan benefits. (*Id.* ¶¶ 25).[3]

On September 13, 2018, Wingo filed a complaint in the Court of Common Pleas of Pike County, Pennsylvania alleging Trover violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") and the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEUA"). (Doc. 1, Ex. B ¶¶ 39-49). Trover removed the action to this Court on October 4, 2018. (Doc. 1). Trover contends that federal subject matter jurisdiction exists pursuant to § 502(a) of ERISA, 29 U.S.C. § 1132(a)(1)(B), because Wingo seeks relief that requires interpreting the rights of the parties under an ERISA-regulated welfare benefit plan. (*Id.* ¶¶ 22, 27, 33). On November 1, 2018, Wingo filed the instant motion to remand the action to the Court of Common Please of Pike County. (Doc. 10). The Motion has been fully briefed and is ripe for review.

## II. Legal Standard

28 U.S.C. § 1441(a) provides that any civil action brought in state court for

---

    avoid confusion. (Doc. 2).

[3]    On March 29, 2017, Wingo filed a complaint in the Court of Common Pleas of Pike County, Pennsylvania alleging Trover violated the Pennsylvania Motor Vehicle Financial Responsibility Law § 1720, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and the Pennsylvania Fair Credit Extension Uniformity Act, attempted theft by Trover, and a "declaration that [] Trover has no right for recovery of reimbursement of disability benefits paid from the proceeds" of the tort claim settlement for the purpose of "clarifying and settling the legal relations at issue between the parties." *Wingo v. Trover Solns.*, No, 13-00846, 2017 WL 5971841 at *1 (M.D. Pa. December 1, 2017) (Caputo, J.). Trover removed that action to federal district court on May 12, 2017. *Id.* On May 31, 2017, Wingo filed a motion to remand the action to state court, which I denied on December 1, 2017. *Id.* at *2. On or about December 4, 2017, Wingo voluntarily dismissed the case. *Id.*

which the federal district courts have original jurisdiction may be removed by the defendant to the appropriate federal district court. One category of cases which district courts have original jurisdiction is "[f]ederal question" cases: cases arising under the Constitution, laws, or treaties of the United States. 27 U.S.C. § 1331. An action must be remanded if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). On a motion to remand, the removing party bears the burden of establishing the propriety of removal. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959 (1991). Furthermore, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand." *Id.* In determining whether remand based on improper removal is appropriate, the Court "must focus on the plaintiff's complaint at the time the petition for removal was filed," and assume all factual allegations therein are true. *Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

"Under the 'well-pleaded complaint' rule, federal question jurisdiction generally exists only when an issue of federal law appears on the face of the plaintiff's complaint." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 271 (3d Cir. 2001). However, when a defendant claims removal is proper based on complete preemption, "a federal court may look beyond the face of the complaint to determine whether a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Id.* at 274 (internal quotation marks omitted). A plaintiff may not avoid removal to federal court "by omitting to plead necessary federal questions in a complaint[.]" *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22, 103 S. Ct. 2841, 2853 (1983).

### III. Discussion

Wingo's various state law claims amount to an assertion that Trover wrongfully sought reimbursement following her tort settlement. Wingo argues that remand is proper because this Court lacks subject matter jurisdiction over this case, which does

not involve issues of federal law or diversity of citizenship. Trover argues subject matter jurisdiction exists pursuant to § 502(a) of ERISA, which provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The jurisdictional subsection of ERISA's civil enforcement provision provides: "The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." 20 U.S.C. § 1132(f).

Federal jurisdiction exists where Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64, 107 S.Ct. 1542, 1546 (1987). "Certain federal laws, [ ] including ERISA, so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the complaint, is in essence a federal claim. In such cases, the doctrine of complete preemption provides federal jurisdiction and allows removal to federal court." *Levine v. United Healthcare Corp.*, 402 F.3d 156, 163 (3d Cir. 2005). In particular, § 502(a)(1)(B) of ERISA "is one of those provisions with such extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S.Ct. 2488, 2496 (2004) (internal quotations omitted); *see also Wirth v. Aetna U.S. Healthcare*, 469 F.3d 305, 307 (3d Cir. 2006) ("[ERISA is a] federal law [ ] [that] so thoroughly occup[ies] a field of regulatory interest that any claim brought within the field, however stated in the complaint, constitutes a federal claim and therefore bestows a federal court with jurisdiction.").

Two conditions must be met for a claim to be completely preempted under ERISA § 502(a) and therefore subject to removal: (1) that the plaintiff could have brought the claim under ERISA's civil enforcement scheme in § 502(a), and (2) that

4

there is no other legal duty independent of ERISA or the plan terms that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210, 124 S.Ct. at 2496; *Pascack Valley Hosp. v. Local 464 A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). Because I find an independent legal duty is implicated by Trover's actions, I need not address whether 29 U.S.C. § 1132(a)(1)(B) recognizes a service vendor, such as Trover, as a proper defendant in a claim for benefits due.[4]

The second prong of *Davila* requires that there is no legal duty independent of ERISA or the plan terms that is implicated by a defendant's actions. *Davila*, 542 U.S. at 210, 124 S.Ct. at 2496. A legal duty is "independent" if it is not based on an obligation under an ERISA plan, or if it 'would exist whether or not an ERISA plan existed.'" *New Jersey Carpenters and the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 303 (3d Cir. 2014).

Section 1720 of Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Const. Stat. § 1720, prohibits "subrogation or reimbursement from a claimant's tort recovery" under an arrangement pursuant to § 1719 concerning "coordination of benefits."[5] Given that "coordination of benefits" is defined in § 1719 as "a policy of insurance[,]" § 1720 of the MVFRL regulates insurance. Under 29 U.S.C. § 1144(a), ERISA preempts all state laws regulating qualifying employee benefit plans, except as provided in the narrow exception created by the "saving clause[,]" 29 U.S.C. § 1144(b)(2)(A), and "deemer clause[,]" 29 U.S.C. § 1144(b)(2)(B). *See FMC Corp. v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407 (1990) ("The saving clause returns to the States the power to enforce those state laws that regulat[e]

---

[4] Where a plaintiff claims her ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for "benefits due" and federal jurisdiction under § 502(a) is appropriate. *Levine*, 402 F.3d at 163; *Wirth*, 469 F.3d at 309.

[5] "Coordination of benefits" is defined in § 1719 as "a policy of insurance." 75 Pa. Const. Stat. § 1719; *Levine*, 402 F.3d at 166.

insurance, except as provided in the deemer clause.") (internal quotation marks omitted). Analyzing these three clauses together in the context of the exact same state law as in the instant case, MVFRL § 1720, the Supreme Court determined in *FMC Corp.* that ERISA preempts state laws relating to self-funded plans but not insured plans:

> [S]elf-funded ERISA plans are exempt from state regulation insofar as that regulation 'relate[s] to' the plans. . . . On the other hand, employee benefit plans that are insured are subject to indirect state insurance regulation. . . . The ERISA plan is consequently bound by state insurance regulations insofar as they apply to the plan's insurer.

*Id.* at 62, 409. *See also Levine v. United Healthcare Corp.*, 402 F.3d 156, 171 (3d Cir. 2005) (Garth, J., dissenting) (recognizing the distinction between self-funded and insured plans for ERISA preemption); *Bill Gray Enter., Inc. Emp. Health and Welfare Plan v. Gourley*, 248 F.3d 206, 212 (3d Cir. 2001), *abrogated on other grounds by US Airways, Inc. v. McCutchen*, 663 F.3d 671 (3d Cir. 2011) ("While ERISA broadly preempts state regulations of employee benefit plans, it does not preempt state laws governing insurance.").

Because the Plan is fully insured rather than self-funded, MVFRL § 1720 is not preempted by ERISA and therefore imposes an independent legal duty concerning subrogation on Trover. Accordingly, Wingo's claims are not completely preempted under § 502(a), so the Action does not involve an issue of federal law.

### IV. Conclusion

For the above-stated reasons, Plaintiff's Motion to remand the instant matter to the Court of Common Pleas of Pike County, Pennsylvania for lack of subject matter jurisdiction.

An appropriate order follows.

December 17, 2018  /s/ A. Richard Caputo
Date  A. Richard Caputo
United States District Judge